## GENERAL COURT, OCTOBER TERM, 1802.

### Ellicott *et al. vs.* The Levy Court, &c.

Motion for a *mandamus* to compel the levy court of Anne Arundel county to levy an additional sum of money under an act passed at *November* session 1800, entitled, "An act to levy on the assessable property of *Anne Arundel* county a sum of money for the purposes therein mentioned." The law was passed for the benefit of the applicants for the *mandamus*, and

A *mandamus* cannot issue to compel a levy court to levy a sum of money after the time for making it has passed. If such levy is made and the money collected and not paid over, the sureties of the collector would not be answerable for it

Oct 1802

Ellicott
vs
The Levy Court

the dispute between them and the levy court, was as to the construction of the above act of assembly; that is, whether the claim of the applicants against the county, to satisfy which the said levy was to be made, was to have the interest which had accrued thereon, and the costs which they had been put to in previous attempts to recover it, calculated to the time of laying the levy; or whether the naked claim only, without such interest and costs, was intended by that law to be assessed on the county.

The case was argued by *Martin*, (Attorney General,) and *Harper*, for the motion, and by *Shaaff*, for the Levy Court.

As the greater part of the arguments of counsel related to the construction of the act of assembly out of which the dispute arose, the Reporters deem it unnecessary to give them, the court having decided that the *mandamus* could not issue, on a point unconnected with the construction of that law.

By the law alluded to, the levy it provided for, was to be laid at the same time with other county charges; and those charges were, by the general law on the subject, directed to be laid by the levy court within certain periods of the year. The levy court, in this instance, did assess on the county, under the above special law in favour of the applicants, such sum of money as the court considered that law authorised, within the period fixed for laying the general levy on the county. When the *mandamus* was applied for, that period had elapsed, and that was, as will be seen by the court's opinion, the ground on which the *mandamus* was refused.

CHASE, Ch. J.  In this case the court are not satisfied as to the construction of the act of assembly; but they are of opinion that a *mandamus* ought not to issue. The act of assembly directs the money to be levied by a particular day—this is a special authority, and as the time has elapsed, the court think it would be improper to order the *mandamus*, as the levy court would have no authority under the law to make the levy. Even if the levy should be made,

·and the collector should become insolvent, his securities would be discharged upon the same principle that the securities of the former collector, (*Goldsmith,*) were exonerated(*a*), and in that case the people of *Anne Arundel* county might be burthened a third time with the payment of the claim of Messrs. *Ellicotts.*

Oct. 1802<br>Ellicott<br>vs.<br>The Levy Court.

MANDAMUS REFUSED.

(*a*) *Vide ante* 36.